# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LYNELLE M. DAWSON, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of the Social )<br>Security Administration, )<br>)<br>Defendant. ) | Case No. CIV-10-338-JHP-SPS |

## REPORT AND RECOMMENDATION

The Plaintiff Lynelle M. Dawson applied for social security benefits. Her applications were denied both initially and on reconsideration. Following the denial on reconsideration, Plaintiff had sixty days to request a hearing before the Administrative Law Judge ("ALJ"). Plaintiff failed to request a hearing within that time frame, and the ALJ issued a notice of dismissal after considering her attorney's statement regarding that failure. After the Appeals Council denied review of the ALJ's decision, Plaintiff appealed to this Court. The Commissioner seeks dismissal of the appeal for lack of finality at the agency level. The Plaintiff argues that her appeal raises a colorable constitutional claim and that she is therefore not required to exhaust her administrative remedies on that issue. For the reasons set forth herein, the undersigned Magistrate Judge recommends that the Defendant's Motion to Dismiss Plaintiff's Amended Complaint [Docket No. 20] be granted.

## A. Procedural Background

The Plaintiff applied for benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85 on July 19, 2007. The applications were ultimately denied on March 7, 2008, and the Plaintiff had sixty days thereafter to request an administrative hearing before the ALJ. She did not request a hearing until June 4, 2009, but she argued there was good cause for the untimely request, as she alleged that her attorney had mailed such a request on March 31, 2008 and therefore must have gotten lost in the mail. On August 3, 2009, the ALJ issued an order of dismissal, wherein he determined that the Plaintiff had failed to show good cause for her untimely request for an administrative hearing:

> In terms of extending the time to file the request, the claimant's representative stated that he missed the deadline to request a hearing because the request must have gotten lost in the mail or at the Social Security office after he mailed it. The undersigned has considered this explanation under the standards set forth in 20 C.F.R. §§ 404.911, 416.1411 (2009) and finds that the claimant has not established good cause for missing the deadline to request a hearing. . . . The attorney's allegation that the client has been 'lost somewhere either in the mail between offices or within the vast number of papers handled by SSA' is not credible, and does not establish proof of timely filing, especially when counsel waited more than a year later to follow-up on the alleged notice of appeal.

*See* Docket No. 14, Ex. 1. The Plaintiff sought review of the ALJ's decision by the Appeals Council, which was denied on July 16, 2010. The Plaintiff then sought judicial review pursuant to 42 U.S.C. § 405(g) on September 15, 2010.

### B. Analysis

The Plaintiff argues that: 1) there is a factual dispute regarding the timeliness of her request for hearing before the ALJ; 2) jurisdiction should be assumed because she has asserted a colorable constitutional due process claim; and 3) a separate basis for subject matter jurisdiction exists in 20 C.F.R. §§ 404.487-89.

**a. Timeliness of hearing request**

The Plaintiff first argues that because a factual dispute exists regarding the timeliness of her hearing request before the ALJ, this court is precluded from granting the Commissioner's Motion to Dismiss. Because this argument presupposes that this Court has jurisdiction to review the decision of the Commissioner under 42 U.S.C. § 405(g), the Court will first address whether jurisdiction exists under the statute and relevant regulations.

The Social Security Act permits judicial review of "any final decision of the Commissioner of Social Security made after a hearing to which he was a party." 42 U.S.C. § 405(g). The term "final decision" is not defined in the statute and "its meaning is left to the [Commissioner] to flesh out by regulation." *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). Those regulations prescribe an orderly administrative review process leading to exhaustion and therefore finality. *See* 20 C.F.R. §§ 404.900(a), 416.1400(a). If the claimant is unsatisfied with the Commissioner's initial determination, he may seek reconsideration. *See* 20 C.F.R. §§ 404.907-09, 416.1407-09. If reconsideration is denied, the claimant may request an administrative hearing before an ALJ, *see* 20 C.F.R.

§§ 404.929-30, 416.1429-30, whose decision may in turn be reviewed by the Appeals Council. *See* 20 C.F.R. §§ 404.967-68, 416.1467-68. The Commissioner must provide the claimant with notice of the action taken at each stage and the right for the claimant to proceed to the next stage. *See*, *e. g.*, 20 C.F.R. §§ 404.904, 416.1404. If the claimant fails to timely proceed to the next stage, the last agency determination will become the final one, *see*, *e. g.*, 20 C.F.R. §§ 404.905, 416.1405, unless an extension is granted or the claimant can show good cause for failure to meet a deadline. *See* 20 C.F.R. §§ 404.911, 416.1411. When the claimant has completed this process and thereby exhausted her administrative remedies, *see Bowen v. City of New York*, 476 U.S. 467, 472 (1986) ("Proceeding through these three stages exhausts the claimant's administrative remedies."), the Commissioner's decision becomes final and judicial review may be sought under 42 U.S.C. § 405(g). *See Califano v. Sanders*, 430 U.S. 99, 107-09 (1977). *See also* 20 C.F.R. § 404.900(a)(5); 416.1400(a)(5) ("When you have completed the steps of the administrative review process . . . we will have made our final decision. If you are dissatisfied with our final decision, you may request judicial review by filing an action in a Federal district court.").

The notice of dismissal issued by the ALJ in this case was not a final decision for purposes of judicial review under 42 U.S.C. § 405(g). *See Brandyburg v. Sullivan*, 959 F.2d 555, (5th Cir. 1992) ("Courts have been virtually unanimous in holding . . . that these determinations of whether to extend for cause the limitations periods prescribed by regulation are not 'final decisions' within the meaning of section 405(g) and are hence

unreviewable."); *White v. Schweiker*, 725 F.2d 91, 93 (10th Cir. 1984) ("Had the ALJ denied Mrs. White's hearing request on the ground that she failed to show good cause for the delay, the district court would clearly lack jurisdiction to review either the good cause determination or the merits."). *See also*, *Wild v. Astrue*, 2008 WL 698483, at *3 (D. Minn. Mar. 13, 2008) ("Because plaintiff's request for a hearing was denied as untimely, there is no final decision subject to review by this Court and plaintiff did not exhaust her administrative remedies."); *Smith v. Chater*, 951 F. Supp. 177, 181 (D. Colo. 1997) ("Because no final decision after a hearing was rendered, nor was there a right to a final decision, Smith is not entitled to this court's review of the Defendant's dismissal of his hearing request.") [internal citations omitted], *citing Hilmes v. Secretary of Health & Human Services*, 983 F.2d 67, 69 (6th Cir. 1993) (denying request for a hearing on the grounds of untimeliness is not a final decision and is not judicially reviewable); *Ketterman v. Sullivan*, 1991 WL 127458, at *1 (D. Kan. June 19, 1991) ("[A] dismissal of hearing request has been held not to constitute a 'final decision of the Secretary made after a hearing' within the meaning of section 205(g) of the Act.") [unpublished opinion], *citing Califano*, 430 U.S. at 108. As such, there is no jurisdiction under 42 U.S.C. § 405(g) to review the decision reached by the ALJ in the instant case, and the Court thus cannot consider the factual discrepancies Plaintiff attempts to identify in her Response.

 **b. Due Process Claim**

  Even though the court does not have jurisdiction to review the ALJ's dismissal of Plaintiff's untimely hearing request under 42 U.S.C. § 405(g), this Court still has

jurisdiction to review a colorable constitutional claim if Plaintiff has successfully alleged such a claim in her Amended Complaint. *See Califano*, 430 U.S. at 109 ("Constitutional questions obviously are unsuited to the resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions.").[1] *See, e. g.*, *Nelson v. Secretary of Health & Human Services*, 927 F.2d 1109, 1111 (10th Cir. 1990) (recognizing that "'a colorable constitutional claim'" may provide "'a district court . . . jurisdiction to review the Secretary's discretionary decision[.]'"), *quoting Torres v. Secretary of Health & Human Services*, 845 F.2d 1136, 1138 (1st Cir. 1988). *See also Marshall v. Shalala*, 5 F.3d 453, 455 (10th Cir. 1993), *citing Mathews v. Eldridge*, 424 U.S. 319, 330-32 (1976) (setting out three-part test for when exhaustion can be waived: (i) full exhaustion would be futile, (ii) claimant suffered irreparable harm; and, (iii) claimant states a colorable constitutional claim that is collateral to his substantive claim of entitlement to social security benefits).

---

[1] In this regard, Plaintiff argues that judicial review is available because she has raised "a colorable constitutional claim" and the failure of the Secretary to address that claim in his Motion to Dismiss prevents the Court from granting the motion on that point. The Court, however, has both the power and the duty to examine its subject matter jurisdiction *sua sponte*. *See Tuck v. United Services Automobile Association*, 859 F.2d 842, 844 (10th Cir. 1988) ("If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte*."). *See also* Fed. R. Civ. Pro. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action.") [emphasis added].

All that due process requires is "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). *See also Costello v. Barnhart*, 125 Fed. Appx. 920, 922 (10th Cir. 2005) ("When the name and address of an interested party is known, due process requires notice by mail or equivalent means designed to tender actual notice.") [unpublished opinion], *citing Mennonite Board of Missions v. Adams*, 462 U.S. 791, 798-800 (1983). The Plaintiff makes no argument that the Defendant failed to provide notice of her right to request a hearing before the ALJ, nor does she attempt to argue that the notice itself was inadequate. *See*, *e. g.*, *Walje v. Shalala*, 1994 WL 477254, at *2 (D. Kan. Aug. 1, 1994) ("A question of constitutional significance is raised where a claimant alleges denial of benefits without due process.") [unpublished opinion], *citing Califano*, 430 U.S. at 108; *Gregory-Labrador v. Barnhart*, 2006 WL 4045925, at *3 (D. Kan. Dec. 22, 2006) (finding that a lack of "constitutionally adequate notice . . . constitutes a constitutional claim of a lack of due process") [unpublished opinion]. Further, there is no allegation that the ALJ failed to follow the administration's own procedural regulations regarding dismissal of a request for hearing.[2] *See Suciu v. Barnhart*, 405 F. Supp. 2d

---

[2] Applicable regulations provide that an ALJ may dismiss a request for administrative hearing when the claimant fails to timely request a hearing and no extension has been granted for filing such a request. 20 C.F.R. §§ 404.957(c)(3); 416.1457(c)(3). Further, 20 C.F.R. §§ 404.911; 416.1433 state that an extension of time in which to request a hearing may be granted when the request for an extension is in writing and provides reasons supporting that the claimant had "good cause for missing the deadline." Finally, "good cause" is determined by considering the following: 1) the circumstances keeping the claimant from making a request on time; 2) whether the social security administration misled the claimant; 3) whether the claimant was unable to understand the requirements of the Social Security Act; and 4) any mental, physical, educational,

874, 878 (M.D. Tenn. 2005) (finding a colorable constitutional claim where "[t]he Court reads Plaintiff's arguments as alleging a due process violation for the ALJ's failure to follow its own regulation . . . when Suciu's representative appeared for the hearing before the ALJ but Suciu did not."). Instead, the Plaintiff merely argues that the ALJ's decision that she failed to provide good cause for her untimely request for a hearing was erroneous and, therefore, a deprivation of her procedural due process rights. Plaintiff's allegation of a due process violation thus appears to be no more than a request for review couched in constitutional language. *See Scott v. Astrue*, 2009 WL 2338085, *5 (D. Or. July 29, 2009) ("A constitutional claim is not colorable if it 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial or frivolous.'"), *quoting Boettcher v. Secretary of Health & Human Services*, 759 F.2d 719, 721 (9th Cir. 1985). *See also, Reafsnyder v. Astrue*, 2011 WL 5295223, *4 (C.D. Cal. Nov. 2, 2011) ("Notwithstanding her use of the words 'due process' in the complaint, Plaintiff does not articulate a constitutional challenge to the policies or practices of the Social Security Administration, thus asserting a constitutional claim that is beyond the experience and the expertise of the Social Security Administration to resolve."), *citing Weinberger v. Salfi*, 422 U.S. 749, 765-66 (1975). The undersigned finds that the Plaintiff has failed to allege any facts that would tend to show that her due process rights were violated by the denial of the untimely request for hearing.

---

or linguistic limitations that might have prevented the claimant from making a timely request. 20 C.F.R. §§ 404.911; 416.1411.

### c. Jurisdiction under 20 C.F.R. §§ 404.987-89

The Plaintiff also argues that 20 C.F.R. §§ 404.987-89, which outlines the procedure for reopening a closed claim for disability insurance benefits, "forms a separate basis for subject matter jurisdiction which is not deterred by Defendant's Motion to Dismiss." [Docket No. 23], p. 13. Whether Plaintiff maintains the right to seek reopening of her claim or not, neither the retention of that right nor the provisions outlining the procedure to exercise that right provide this Court with subject matter jurisdiction over Plaintiff's claim at this juncture. Instead, the decision to reopen a claim is a matter to be determined in the first instance administratively.

### C. Conclusion

Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned Magistrate Judge PROPOSES the findings set forth above and accordingly RECOMMENDS that the Defendant's Motion to Dismiss Plaintiff's Amended Complaint [Docket No. 20] be GRANTED. Further, the undersigned RECOMMENDS granting the Plaintiff fourteen days to file a Second Amended Complaint to allege a colorable constitutional claim. If there are any objections to this Report and Recommendation, they must be filed within fourteen days of service hereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**DATED** this 27th day of September, 2012.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma